UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Joe Hand Promotions, Inc.<br><br>    Plaintiff,<br><br>v.<br><br>Corey L. Velzke and Velzke, LLC, individually and d/b/a Benderz Bar & Grill; and John Does 1-V,<br><br>    Defendants<br><br>And<br><br>Velzke, LLC d/b/a Benderz Bar& Grill,<br><br>    Third Party Plaintiff,<br><br>v.<br><br>Consolidated Communications Holdings, Inc.<br><br>    Third Party Defendant. | Civil Action 16-cv-00310 (MJD-KMM)<br><br>**THIRD PARTY COMPLAINT** |

For its Third Party Complaint against Consolidated Communications Holdings, Inc. ("Consolidated"), Defendant Velzke, LLC d/b/a Benderz Bar & Grill alleges as follows:

## THE PARTIES

1. Velzke, LLC is a Minnesota limited liability corporation with its principal place of business located at 503 Belgrade Ave, Mankato, MN 56003. Velzke LLC operates Benderz Bar & Grill at that address.

2. On information and belief, Consolidated is a Delaware corporation with its principal place of business in Mattoon, Illinois. Consolidated is a broadband service provider serving customers in eleven states, including Minnesota.

3. Consolidated acquired Enventis Corporation on October 16, 2014. Before the acquisition, Enventis Corporation provided cable television services to Velzke, LLC. Since the acquisition, Velzke LLC has received cable services from Consolidated.

## JURISDICTION

4. This Court has subject matter jurisdiction under Fed. R. Civ. P. 14(a) and 28 U.S.C. §§ 1331 and 1367.

5. Venue is proper in this District under 28 U.S.C. § 1391(b)(2).

6. This Court has specific personal jurisdiction over Consolidated because the claims in the Third Party Complaint are based on actions taken by Consolidated's predecessor in Minnesota. This Court has general personal jurisdiction over Consolidated because it regularly and systematically conducts business in Minnesota and is essentially "at home" in Minnesota.

## FACTS

7. Velzke, LLC engaged Enventis to provide cable television services to a commercial establishment – namely, Benderz Bar & Grill.

8. In early 2015, Velzke, LLC called Enventis and asked what it would cost to show *Ultimate Fighting Championship 184: Ronda Rousey v. Cat Zingano* (the "program") at Benderz Bar & Grill.

9. Enventis quoted a price to Velzke, LLC for the program. Velzke, LLC had a commercial contract with Enventis, and Enventis knew that the program would be displayed in a commercial establishment. Velzke, LLC agreed to pay the quoted price, forming a contract.

10. Enventis authorized Velzke, LLC to display the program at Benderz Bar & Grill and provided a code to Velzke, LLC to use to acquire the program.

11. At no time was Velzke, LLC informed that it needed to contact Joe Hand Promotions to purchase the program.

12. On information and belief, Enventis did not have authority to license the program to Velzke, but falsely represented to Velzke, LLC that it had such authority.

13. In reliance on the representations made by Enventis, Velzke, LLC purchased the program to display in Benderz Bar & Grill and did, in fact, display the program in Benderz Bar & Grill on February 20, 2015. Based on Enventis's representations and assurances, Velzke, LLC believed that it had authorization to display the program to patrons at Benderz Bar & Grill.

14. Consolidated subsequently acquired Enventis and is its successor.

15. On February 8, 2016, Joe Hand Promotions, Inc. ("Joe Hand") filed this lawsuit against Velzke, LLC, Corey Velzke and several unnamed "John Doe" defendants. In the lawsuit, Joe Hand alleges that the defendants violated 47 U.S.C. §§ 553 and 605 by

displaying the program at Benderz Bar & Grill.  Joe Hand also asserted a claim for conversion.

16.    Velzke, LLC and Corey Velzke deny that the claims in the Complaint have any merit, and that they have any liability to Joe Hand.  In the unlikely event that Defendants are found liable, then Consolidated is liable to Velzke, LLC, the entity that received the program from Enventis, based on the above-described conduct.

## COUNT ONE
## (CONTRIBUTION AND EQUITABLE INDEMNITY)

17.    Velzke, LLC incorporates the prior allegations.

18.    In the unlikely event that Joe Hand prevails on the claims alleged in the Complaint, the liability of Velzke, LLC will be secondary, passive, and vicarious in nature or legally imposed and all of said damages shall have been proximately caused and/or contributed to by the acts, omissions and tortious conduct of Enventis.

19.    Consolidated subsequently acquired Enventis and is liable as its successor.

20.    Velzke, LLC is entitled to be fully and completely indemnified and held harmless by, and entitled to full and complete contribution from, Consolidated.

## COUNT TWO
## (NEGLIGENT MISREPRESENTATION)

21.    Velzke, LLC incorporates the prior allegations.

22.    Enventis had a duty arising out of its business relationship with Velzke, LLC to provide accurate information regarding the requirements to purchase the program for display at Benderz Bar & Grill.  Enventis also had a duty to refrain from selling a program to Velzke, LLC that it did not have the legal right to sell.

23. Enventis made material and grossly negligent representations to Velzke, LLC in connection with the program, including but not limited to the following:

    a. that Enventis had the lawful right and authority to sell a license to the program to Velzke LLC for display in a commercial establishment;

    b. that the price quoted to Velzke, LLC for the display of the program at Benderz Bar & Grill was the price for displaying the program in a commercial establishment; and

    c. that the program code Enventis provided to Velzke, LLC to display the program could be properly and lawfully used by Velzke, LLC to display the program at Benderz Bar & Grill.

24. Enventis's representations were false.

25. Velzke, LLC purchased the program from Enventis and displayed it in Benderz Bar & Grill in reasonable reliance on Enventis's representations.

26. Enventis knew or should have known that the information it provided to Velzke, LLC was material and that as a result of the aforementioned reliance, Velzke, LLC would suffer harm if the information was inaccurate or incomplete. Enventis nonetheless failed to exercise reasonable care in communicating the information.

27. In the unlikely event that Joe Hand prevails on its claims, Consolidated is liable to Velzke, LLC based on the above-described conduct in an amount to be proven at trial.

## COUNT THREE
## (FRAUD)

28.     Velzke, LLC incorporates the prior allegations.

29.     Enventis made false representations to Velzke, LLC in connection with the program, including but not limited to the following:

   a.   that Enventis had the lawful right and authority to sell a license to the program to Velzke LLC for display in a commercial establishment;

   b.   that the price quoted to Velzke, LLC for the display of the program at Benderz Bar & Grill was the price for displaying the program in a commercial establishment; and

   c.   that the program code Enventis provided to Velzke, LLC to display the program could be properly and lawfully used by Velzke, LLC to display the program at Benderz Bar & Grill.

30.     Velzke, LLC purchased the program from Enventis and displayed it in Benderz Bar & Grill in reasonable reliance on Enventis's representations.

31.     Enventis knew or should have known that the information it provided to Velzke, LLC was material and that as a result of the aforementioned reliance, Velzke, LLC would suffer harm if the information was inaccurate or incomplete.

32.     Velzke, LLC was damaged as a result of the false representations made by Enventis.

33. In the unlikely event that Joe Hand prevails on its claims, Consolidated is liable to Velzke, LLC based on the above-described conduct in an amount to be proven at trial.

## COUNT FOUR
### (BREACH OF CONTRACT)

34. Velzke, LLC incorporates the prior allegations.

35. Velzke, LLC and Enventis entered into a contract for the display of the program at Benderz Bar & Grill, a commercial establishment.

36. Under the contract, Enventis was obligated to provide Velzke, LLC with lawful authorization to display the program at Benderz Bar & Grill.

37. On information and belief, Enventis either did not have the right to sell a commercial license to Velzke, LLC for the program, or failed to sell Velzke, LLC a commercial license to the program. Enventis therefore failed to perform its obligations under the contract.

38. Velzke, LLC performed its obligations under the contract and paid Enventis the quoted price for the program.

39. In the unlikely event that Joe Hand prevails on its claims, Consolidated is liable to Velzke, LLC based on the above-described conduct in an amount to be proven at trial.

WHEREFORE, Defendants Corey L. Velzke and Velzke, LLC request that the Court:

      a.      Enter Judgment against Consolidated in favor of Velzke, LLC for any and all amounts which may be adjudged against it in the above-captioned action;

      b.      Award of the costs and disbursements incurred in this action; and

      c.      Grant such other and further relief the Court deems just and equitable.

Dated: September 8, 2016      /s/ Lora M. Friedemann

Lora M. Friedemann (#259615)
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Ste. 4000
Minneapolis, MN 55402-1425
Telephone: (612) 492-7000
Facsimile: (612) 492-7077
*lfriedemann@fredlaw.com*

***Attorneys for Corey L. Velzke and Velzke, LLC d/b/a Benderz Bar & Grill***

59161867_1.doc